UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ED ORTON, | } |
| | } |
|     Plaintiff, | } |
| | } |
| v. | }   Case No.: 7:13-CV-00515-RDP |
| | } |
| SANDY MATTHEWS, et al., | } |
| | } |
|     Defendants. | } |

## MEMORANDUM OPINION

Before the court is Defendant Bank of America's Motion to Dismiss (Doc. #11), filed on May 6, 2013. The Motion (Doc. #11) has been fully briefed. (Docs. #16, #17, #18). For the reasons outlined below, the motion is due to be granted.

### I.     Procedural History

Plaintiff Ed Orton ("Plaintiff") initiated this lawsuit by filing a complaint in the Circuit Court of Pickens County, Alabama (Doc. #1, Ex. 1) on January 9, 2013. Plaintiff attempted to serve Defendant Bank of America, N.A., ("Defendant") on February 15, 2013 (Doc. #1 at ¶ 7), and Defendant timely removed the action thereafter, filing a Notice of Removal (Doc. #1) in the United States District Court for the Northern District of Alabama on March 18, 2013. Plaintiff filed an Amended Complaint (Doc. #9) on April 23, 2013, and that was met by the present Motion to Dismiss (Doc. #11) on May 6, 2013.[1]  On May 21, 2013, Plaintiff responded to Defendant's Motion with a brief entitled "Answer to Standard of Review" (Doc. #16), and Defendant filed its Reply Brief (Doc. #17) on May 24, 2013. Plaintiff has subsequently filed two

---

[1] Plaintiff's Amended Complaint (Doc. #9) also names Sandy Matthews as a defendant. However, to be clear, instant Motion to Dismiss (Doc. #11) only addresses Plaintiff's claims as they relate to Defendant Bank of America, N.A., and this memorandum opinion and accompanying order are only operative as to the claims asserted against Defendant Bank of America, N.A.

items, "Information for the court motion for denial and motion to set aside" (Doc. #18) and "For the courts information and rebuttal to statement by defendant" (Doc. #19), both of which generally address Defendant's Motion (Doc. #11).

## II.     Factual Allegations

On July 12, 2007, Plaintiff purchased property located at 16095 Highway 17, Aliceville, AL 35442. (Doc. #9 at ¶ 1).  The purchase was financed by a loan from First Federal Bank ("First Federal"), evidenced in the form of a promissory note (Doc. #9, Ex. A, Tab 2) and secured by a mortgage (Doc. #9, Ex. C).  As part of the financing arrangement, First Federal acted as Lender, while another entity, Mortgage Electronic Registration Systems, Inc. ("MERS"), assumed the role of Mortgagee. (Doc. #9 at ¶ 1).

Sometime shortly after the execution of the note and mortgage, First Federal assigned the note to "Countrywide Home Loans," whose successor is Defendant Bank of America. (Doc. #9 at ¶¶ 3, 7).  Indeed, approximately two months after Plaintiff entered into the loan, he "received a notice from BANA (Bank of America) (Countrywide Home Loans) that they were the servicer [of] the loan." (Doc. #9 at ¶ 2).  At the present time, Plaintiff is unable to determine "who holds the note." (Doc. #9 at ¶ 6).

Likewise, on September 2, 2011, MERS assigned the mortgage to "Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP." (Doc. #9, Ex. B).

## III.    Standard of Review

The Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  That being said, the complaint must include enough facts "to raise a right to belief above the

speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Pleadings that contain nothing more than a "formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.  In addressing a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*.  A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

The Supreme Court has recently identified "two working principles" for a district court to use in applying the facial plausibility standard.  First, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions when they are "couched as [] factual allegation[s]." *Iqbal*, 556 U.S. at 68.  Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*.  Application of the facial plausibility standard involves two steps.  Under prong one, the court must determine the scope and nature of the factual allegations that are well-pleaded and assume their veracity; and under prong two, the court must proceed to determine the

claim's plausibility given the well-pleaded facts.  That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id*.  If the court determines that well-pleaded facts, accepted as true, do not state claim that is plausible, the claims are due to be dismissed. *Id*.

## IV.   Discussion

After careful review of the Rule 56 record and the parties' briefs, and for the reasons stated below, the court concludes that Defendant's motion should be granted.

### A.   Overview of Defendant's Arguments in Support of the Motion to Dismiss

In its Motion to Dismiss (Doc. #11), Defendant seeks to have Plaintiff's Amended Complaint (Doc. #9) dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. (Doc. #11 at 1).

Plaintiff's Amended Complaint represents an attempt to quiet title to the underlying property in this case, located at 16095 Highway 17, Aliceville, AL 35442. (Doc. #9 at 12—"Plaintiff has right to Quite [sic] title").  The theory behind Plaintiff's quiet title action is that, as a result of the separation of the note and the mortgage at the time of their execution, Defendant's alleged security interest in the property is invalid. (Doc. #9 at ¶ 13—"Plaintiff avers Bank of America has no valid security instrument").  Indeed, invoking a wide range of dubious authority (Doc. #9 at 6-10), Plaintiff argues that because "First Federal Bank kept the note and MERS held the mortgage security instrument[,] . . . the note was separated[,] nullifying the security instrument." (Doc. #9 at 16).[2]  As relief, Plaintiff asks the court to "set aside and cancel the mortgage or security agreements and void the same." (Doc. #9 at 17).

---

[2] Apparently, Plaintiff also intends to argue that various infirmities in the assignment of the mortgage to Defendant render it void. (Doc. #9 at ¶¶ 8-10).  For instance, Plaintiff alleges that the MERS employee who

Defendant attacks the Amended Complaint on multiple grounds, asserting that 1) it is devoid of the factual allegations necessary to maintain an action to quiet title, and 2) its only cause of action is almost wholly dependent on a theory of law, the so-called "split the note" theory, that contravenes established Alabama law. (Doc. #11 at 5-8).  Defendant argues that such deficiencies prevent Plaintiff's Amended Complaint from meeting Rule 8's pleading standard, and require dismissal of this action under Rule 12(b)(6). (Doc. #11 at 8-9).

### B. Plaintiff's Amended Complaint Fails to Evince the Factual Allegations Necessary to Satisfy the Elements of a Quiet Title Action

Under Alabama law, any person "in peaceable possession of lands [and] . . . claiming to own the same, . . . [whose] title thereto, or any part thereof, is . . . disputed . . . , may commence an action to settle the title to such land and to clear up all doubts or disputes concerning the same." Alabama Code § 6-6-540 (1975).  The purpose of an action to quiet title is "to determine whether defendants have any title, right or claim, legal or equitable, in the lands which are the subject of the action and, if so, to determine its character and extent." *Pierce v. Lee Bros. Foundry Co.*, 51 So. 2d 677, 681 (Ala. 1951) (quoting *Jordan v. McClure Lumber Co.*, 54 So. 415, 421 (Ala. 1910)).  A plaintiff establishes a prima facie case to quiet title when "it is shown that [the plaintiff] is in peaceable possession of the land, either actual or constructive, at the time of the filing of the bill and that there was no suit pending to test the validity of the title." *Woodland Grove Baptist Church v. Woodland Grove Community Cemetery Association, Inc.*, 947 So.2d 1031, 1036 (Ala. 2006) (quoting *Wiggins v. Stapleton Baptist Church*, 210 So.2d 814, 816-17 (Ala. 1968)).

---

completed the assignment was a "robo signer" and that the assignment was notarized by a woman who was later convicted of a number of crimes. *Id*.  However, Plaintiff wholly fails to articulate how such allegations work to void Defendant's mortgage.  In addition, as explained below, these arguments are simply implausible, and cannot survive a Rule 12(b)(6) motion.

5

In order to meet the "plausibility" pleading standard articulated by *Twombly* and *Iqbal*, a plaintiff's complaint cannot simply consist of a rote recitation of the elements of a cause of action, but rather must evidence enough factual matter to lift the stated claim(s) out of the realm of mere speculation. *Twombly*, 550 U.S. at 555. Here, Plaintiff's Amended Complaint fails to satisfy this standard, as it is devoid of factual allegations that are relevant to a quiet title action. In fact, only one sentence in the Amended Complaint can even arguably be portrayed as a factual allegation relating to an action to quiet title: "Plaintiff is in peaceable possession of said property and holds color of title to same as evidenced by deed attached hereto with description of same as **Exhibit (A)Tab1 Plaintiff resides on said property.**" (Doc. #9 at ¶ 11)(emphasis in original). Properly viewed, the statement amounts to nothing more than a naked assertion. Moreover, even if this statement were construed as a factual allegation, it does not, in and of itself, render Plaintiff's quiet title action plausible. Indeed, the Amended Complaint lacks a number of essential factual allegations. For instance, nowhere does the Amended Complaint address whether there are any other pending actions concerning the title at issue (*see* Doc. #9 at 12-15), a vital element of a prima facie case to quiet title. *See Woodland Grove Baptist Church*, 947 So.2d at 1036; *see also Corona Coal & Iron Co. v. Swindle*, 44 So. 549 (Ala. 1907) (holding that a complaint to quiet title may be dismissed where it fails to state that no other action is pending regarding the same property).

Because Plaintiff's Amended Complaint lacks sufficient factual allegations to plausibly support a quiet title action, it is due to be dismissed for failure to state a claim.

C. **The Fundamental Theory of Plaintiff's Amended Complaint Directly Contradicts Established Alabama Law**

Although Plaintiff's Amended Complaint is irreversibly doomed by its lack of sufficient factual allegations, it suffers from yet another glaring and fatal flaw due to its overwhelming

6

reliance on a theory of law that is not recognized in the State of Alabama. This theory, commonly referred to as the "split the note" theory, holds that a mortgage is rendered void and unenforceable if it is separated from the corresponding promissory note. Plaintiff attempts to apply the theory to the present situation, arguing that the mortgage currently held by Defendant is void because it was originally executed in favor of an entity (MERS) that did not also hold the promissory note. (Doc. #9 at ¶ 3—"the Mortgage was nullified when it was separated from the note").

The "split the note" theory has been roundly rejected by Alabama courts, and it is simply ineffective and inapplicable in the present case. *See Coleman v. BAC Servicing*, 104 So. 3d 195, 205 (Ala. Civ. App. 2012) (noting that "Alabama law specifically contemplates that there can be a separation" of the note and mortgage); *see also Nelson v. Fed. National Mortgage Association*, 97 So. 3d 770, 775 (Ala. Civ. App. 2012) ("[Petitioners] argue that the power-of-sale provision in the mortgage instrument was unenforceable because the note and mortgage had been separated. This court has recently rejected that argument because it does not comport with Alabama law."); *Crum v. Lasalle Bank, N.A.*, 55 So. 3d 266 (Ala. Civ. App. 2009) (rejecting the notion that the assignee of a mortgage could not enforce the mortgage because the assignor was not also the holder of the promissory note); *Phillips v. Mortgage Electronic Registration Systems, Inc.*, 2013 WL 1498956 at *10 (N.D. Ala. 2013) ("The separation of the note and mortgage does not render either document void . . ."); *Levins v. Deutsche Bank Trust Company Americas*, 2013 WL 308999 at *3, n.5 (S.D. Ala. 2013) ("As for plaintiff's theory that MERS could not assign the interests that Levin granted it in the Mortgage unless MERS was also the holder or beneficiary of the Note and security deed, he identifies no authority in support of such a proposition. The Court is aware of contrary Alabama precedents."). Indeed, lacking any legal

vitality, Plaintiff's impotent splitting theory is incapable of proving Defendant's mortgage to be void, causing Plaintiff's quiet title action to fail as a matter of law and necessitating dismissal of the Amended Complaint for failure to state a claim.

## V.     Conclusion

For the reasons stated above, Defendant's Motion to Dismiss (Doc. #11) is due to be granted. A separate order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** on November 1, 2013.

/s/ R. David Proctor

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE