UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ED ORTON, } | |
| } | |
|     Plaintiff, } | |
| } | |
| v. } | Case No.: 7:13-CV-00515-RDP |
| } | |
| SANDY MATTHEWS, et al., } | |
| } | |
|     Defendants. } | |

### MEMORANDUM OPINION

This case is before the court on Plaintiff's Motions to Vacate (Docs. #28 & #29), filed on November 18 and 22, 2013. For the reasons outlined below, the Motions (Docs. #28 & #29) are due to be denied.

**I.    Background**

Plaintiff Ed Orton ("Plaintiff") initiated this suit by filing a complaint in the Circuit Court of Pickens County, Alabama (Doc. #1, Ex. 1) on January 9, 2013. Defendant Bank of America, N.A. ("Defendant Bank") removed the case to the United States District Court for the Northern District of Alabama by filing a Notice of Removal (Doc. #1) on March 18, 2013, and, thereafter, Plaintiff filed an Amended Complaint (Doc. #9), in which he sought to quiet title to property located at 16095 Highway 17, Aliceville, AL 35442 (Doc. #9 at ¶ 1). Defendant Bank responded to Plaintiff's Amended Complaint (Doc. #9) by filing a Motion to Dismiss (Doc. #11) on May 6, 2013. The court granted Defendant Bank's Motion (Doc. #11) on November 1, 2013 (Doc. #22), determining that Plaintiff failed to state a claim against Defendant Bank (Doc. #21).

Following the original Complaint (Doc. 1, Ex. 1), Plaintiff made little effort to advance his suit against Defendant Sandy Matthews ("Defendant Matthews"), and Defendant Matthews

made no appearance in the case. Plaintiff's lack of activity and Defendant Matthew's failure to appear highlighted an issue about the adequacy of service as to Defendant Matthews, prompting the court to issue a Show Cause Order (Doc. #20) on October 31, 2013. The court found Plaintiff's Response to Show Cause Order (Doc. #24) to be insufficient, and, as such, entered an Order of Dismissal (Doc. #25) on November 13, 2013, dismissing without prejudice Plaintiff's claim against Defendant Matthews.

On November 18, 2013, Plaintiff filed an Answer to Order of Dismissal and Motion to Vacate (Doc. #28), seeking to vacate the court's dismissal of Plaintiff's claim against Defendant Matthews. In the Motion (Doc. #28), Plaintiff argues that vacatur is proper because Defendant Matthews has indeed been served. Plaintiff attached as proof thereof a copy of a certified mail receipt bearing Sandy Matthews signature. In addition, on November 22, 2013, Plaintiff filed a Motion to Vacate (Doc. #29) the court's Order of Dismissal (Doc. #22) as to Plaintiff's claims against Defendant Bank.

## II.   Standard of Review

Although not invoked in Plaintiff's Answer to Order of Dismissal and Motion to Vacate (Doc. #28) and only mentioned in passing in Plaintiff's Motion to Vacate (Doc. #29 at 4), the court understands Plaintiff's Motions (Docs. #28 & #29) to be rooted in Rule 60(b), which allows a party to seek relief from a final judgment in a civil case for certain reasons, including mistake, excusable neglect, newly discovered evidence, and fraud. *Serrano,* 411 Fed.Appx. at 254 (citing Fed.R.Civ.P. 60(b)). "A 'significantly higher' standard is generally used to decide whether a movant is entitled to relief under Rule 60(b)." *Vanderberg v. Donaldson*, 259 F.3d 1321, 1326 (11th Cir. 2001). "Rule 60(b), ... states that 'the court *may relieve a party* or a party's legal representative from a final judgment, order, or proceeding for the following reasons ....'"

*Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir.), *cert. denied*, 549 U.S. 972 (2006) (quoting Fed.R.Civ.P. 60(b)) (emphasis added).  "It is well established ... that relief under Rule 60(b)(6) 'is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.'" *Rease v. Harvey*, 376 Fed. Appx. 920, 921 (11th Cir. 2010) (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)).  "Under [Rule 60(b)(6)], '[t]he party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result.'" *Id.* (quoting *Griffin*, 722 F.2d at 680).

Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for the following reasons:

(1)   mistake, inadvertence, surprise, or excusable neglect;
(2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4)   the judgment is void;
(5)   the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6)   any other reason that justifies relief.

Fed.R.Civ.P. 60(b).  Although subsection six of Rule 60 authorizes relief for "any other reason justifying relief from the operation of the judgment," a Rule 60(b)(6) motion "must demonstrate that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is ... a matter for the district court's sound discretion."  *Cano*, 435 F.3d at 1342.  Relief under Rule 60(b)(6)'s catch-all provision "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances. The party seeking relief has the burden of showing that absent such relief, an 'extreme' or 'unexpected' hardship will result."  *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).  Although Rule 60(b) "give[s]

the court the power to set aside a judgment whose integrity is lacking ... [it] do[es] not provide ... a means for litigants to obtain the district court's reconsideration of the claims and defenses its judgment adjudicated." *Gonzalez v. Secretary for Dept. of Corrections*, 366 F.3d 1253, 1294-95 (11th Cir. 2004).

### III.     Discussion

Because Plaintiff's Motions (Docs. #28 & #29) fail to meet Rule 60(b)'s standard for vacatur, they are due to be denied, preserving the court's orders of dismissal (Docs. #22 & #25) in their original state.

### A. Plaintiff's Motion to Vacate the Court's Order of Dismissal as to Defendant Matthews Is Due to be Denied

In his Motion to Vacate (Doc. #28), Plaintiff seeks to vacate the Order of Dismissal (Doc. #25) entered as to Defendant Matthews, which dismissed Plaintiff's claim without prejudice for failure to perfect service within the timeframe provided for by Rule 4(m) of the Federal Rules of Civil Procedure. By presenting the court with evidence that Defendant Matthews was timely and properly served (Doc. #28 at 3), it appears that Plaintiff is attempting to invoke Rule 60(b)(2), which permits the court to vacate an order upon the presentation of newly discovered evidence.

"[R]elief under 60(b)(2) based on newly discovered evidence requires all of the following: (1) the evidence must be newly discovered since the [order of dismissal]; (2) the movant must have exercised due diligence in discovering the new evidence; (3) the evidence cannot be merely cumulative or impeaching; (4) the evidence must be material; and (5) the new evidence must be such that it would produce a different outcome in the underlying action." *Williams v. North Florida Regional Medical Center, Inc.*, 164 Fed.Appx. 896, 898-99 (11th Cir. 2006) (citing *Waddell v. Hendry County Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003)).

Although the evidence (a certified mail receipt signed by Sandy Matthews) presented in Plaintiff's Motion is new in the sense that it has not previously been submitted to this court for evaluation, it is not "newly discovered" within the meaning of the first element of the Eleventh Circuit's Rule 60(b)(2) test. *See id.* Indeed, having been notified by "the Court clerk of Pickens County in March" that service of Defendant Matthews had been successfully completed (Doc. #28 at 1), Plaintiff was fully aware that the Circuit Clerk of Pickens County was in possession of some sort of proof of service as to Defendant Matthews. When confronted with this court's October 31, 2013 Show Cause Order (Doc. #20), Plaintiff should have contacted the Circuit Clerk of Pickens County and obtained sufficient evidence of service. Plaintiff clearly failed to do so, and his attempt to now present the court with new evidence, however persuasive, does not constitute grounds for vacatur under Rule 60(b)(2).

Plaintiff's Motion (Doc. #28) also fails when evaluated under the catch-all provision contained in Rule 60(b)(6), which allows an order to be vacated for "any other reason that justifies relief." As noted above, Rule 60(b)(6) is an "extraordinary remedy" that is only applicable when the movant demonstrates that "an 'extreme' or 'unexpected' hardship will result" from failure to vacate the order at issue. *Griffin*, 722 F.2d at 680. Here, no such hardship exists. Plaintiff's claim against Defendant Matthews was dismissed without prejudice, meaning that Plaintiff is entitled to assert the same claim again in a new suit. Far from being a hardship, the dismissal without prejudice actually serves Plaintiff's interests quite well—it permits him to re-file his suit in state court. Therefore, Plaintiff is not only able to return to the court of his original choosing, but he is also given the chance to litigate his state law, quiet title action in a

court more commonly tasked with evaluating such claims.[1]  Because he lacks the potential prejudice necessary to activate Rule 60(b)(6), Plaintiff is unable to maintain his Motion (Doc. #28) under the catch-all provision.

### B. Plaintiff's Motion to Vacate the Court's Order of Dismissal as to Defendant Bank Is Due to be Denied

In a separate Motion to Vacate (Doc. #29), Plaintiff also attempts to vacate the court's Order of Dismissal (Doc. #22) as to Defendant Bank.  Consisting primarily of arguments and assertions recycled from Plaintiff's Amended Complaint (Doc. #9), the Motion (Doc. #29) fails to set forth a persuasive reason for the court to vacate its previous order.

Because Plaintiff's Motion (Doc. #29) does not fall within any of Rule 60(b)'s enumerated bases for vacatur, it is most appropriately evaluated under Rule 60(b)(6)'s safety-net provision.  Amounting as it does to a "Hail Mary" remedy, a Rule 60(b)(6) motion will only be successful if it demonstrates "that the circumstances are sufficiently extraordinary to warrant relief." *Cano*, 435 F.3d at 1342.  In instant case, Plaintiff's Motion (Doc. #29) wholly fails to meet this elevated standard.  Indeed, the Motion simply restates Plaintiff's position that the separation of the Mortgage Note and Deed renders Defendant Bank's interest in the underlying property void. (Doc. #29 at 1-4).  Finding no basis in the law for such a theory, the court previously dismissed with prejudice Plaintiff's claim against Defendant Bank. (Doc. #22).  No circumstances have been brought to the court's attention that would warrant re-evaluation of this previous ruling, and, as such, Plaintiff's Motion (Doc. #29) is due to be denied.

---

[1] Indeed, Plaintiff would be wise to redirect his litigation to a state forum.  State courts have more experience than federal courts in dealing with quiet title actions, and the Circuit Court of Pickens County (the proper state venue in this case) is advantageously situated to adjudicate the case, as it has immediate access to witnesses, evidence, and the underlying property.  Combined, these factors likely promote a more prompt and accurate resolution of the controversy than could be found in federal court, and should encourage Plaintiff to further pursue his claim against Defendant Matthews at the state level.

**IV.     Conclusion**

For the reasons stated above, Plaintiff's Motions to Vacate (Docs. #28 & #29) are due to be denied.

**DONE** and **ORDERED** this _____3rd_____ day of December, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE